UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHEROLL BROWN                                    CIVIL ACTION

VERSUS                                           NO: 09-487

MICHAEL ASTRUE                                   SECTION: J(5)

**ORDER AND REASONS**

Before the Court is Plaintiff Sheroll Brown's **Motion for Attorney's fees (Rec. Doc. 19)** and Defendant Commissioner of the Social Security Administration's **Opposition (Rec. Doc. 22).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

On July 24, 2009, Plaintiff initiated this action seeking judicial review of Defendant's final decision, denying her claim for a period of disability and Disability Insurance Benefits under Title II of the Social Security Act. The Court referred this case to the United States Magistrate, who issued her Report and Recommendation on November 1, 2010, recommending remanding the matter to the Commissioner. The Court, in its Judgment rendered November 22, 2010, remanded this case to the

1

Commissioner for further administrative proceedings.

On December 22, 2010, Plaintiff filed the instant motion under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking attorney's fees in the amount of $3928.95, which represents 22.50 hours of work at the rate of $174.62 (3 hours in preparing the instant motion for EAJA fees and 19.50 hours as claimed in the attached affidavit).

**THE PARTIES' ARGUMENTS:**

Plaintiff contends that because she is the prevailing party in this litigation and because the government's position was not substantially justified, her counsel is entitled to attorney's fees in the amount of $3928.95 pursuant to the EAJA. Plaintiff argues that the March 1996 hourly statutory cap of $125.00 should be raised to $174.62 to account for the increase in the cost of living which occurred through March 2010. The Consumer Price Index of 217.63 in March 2010 represents an increase of 39.7% from the March 1996 figure of 155.7. Further, Plaintiff requests that payment should be made directly to Paul Brian Spurlock of Disability Law Center, Inc. The retainer agreement between Plaintiff and her counsel confirms that EAJA fees are to be awarded to counsel, and Plaintiff has executed an assignment of the EAJA fees and expenses to the Disability Law Center.

Defendant does not contest that Plaintiff is the prevailing

party entitled to an award of the EAJA fees. However, Defendant contends that the hourly rate used by Plaintiff's attorney, as well as the total hours sought, are not adequately justified for three reasons. First, Defendant argues that Plaintiff has not provided proper proof for exceeding the maximum statutory rate under the EAJA beyond what the Court has usually allowed in Social Security disability cases. Second, Defendant requests that this Court award Plaintiff attorney's fees at an hourly rate of $140.00, consistent with the prevailing rate in the Middle District of Louisiana. Further, Defendant objects to the total amount of hours sought by Plaintiff and asserts that Plaintiff's total requested hours be decreased to reflect tenth-hour increment billing. Defendant challenges seventeen specific time entries, where Plaintiff billed in quarter-hour increments for review of largely routine, single-page documents and argues that such time should be billed in tenth-hour increments. Defendant argues that neighboring courts have held that billing in quarter-hour increments for such tasks is unreasonable. Finally, Defendant contends that any order awarding fees must be made payable to Plaintiff, rather than Plaintiff's attorney, pursuant to Astrue v. Ratliff, __U.S.__, 130 S.Ct. 2521, 2529 (2010).

**DISCUSSION:**

**A. The EAJA and Reasonable Hours**

A party who obtains a remand of a social security appeal pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for purposes of awarding fees under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993); Breaux v. U.S. Dept. of Health and Human Services, 20 F.3d 1324, 1325 (5th Cir.1994). The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. Baker v. Bowen, 839 F.2d 1075, 1080 (5th Cir. 1988).

It is undisputed that Plaintiff is the prevailing party who filed a timely application for fees. Defendant concedes that Plaintiff is entitled to recover the reasonable fees. Defendant does not argue that its position was substantially justified or that special circumstances make an award of fees unjust. Hence, the award of reasonable attorney's fees is proper in the instant case.

Having determined that Plaintiff is entitled to attorney's

fees under the EAJA, the Court must determine what amount of fees would be considered reasonable. The starting point in the reasonableness inquiry is to multiply the number of hours reasonably expended by Plaintiff's counsel by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This amount may then be adjusted under certain exceptional circumstances. Id.

Plaintiff's counsel has filed an affidavit setting forth the time he expended in managing this case. The affidavit states that counsel spent a total of 19.50 hours on this case. Additionally, Plaintiff asserts that counsel spent 3 hours, preparing the instant motion, which brings the total to 22.50 hours. Having carefully reviewed the time entries, the Court notes that Plaintiff's counsel rounded his time to the quarter-hour. Other courts in this Circuit and in other jurisdictions have reduced fee awards where time entries were rounded to the nearest fifteen minutes, although the Fifth Circuit Court of Appeals has not yet ruled on the issue. See, e.g., Hawkins v. Astrue, No. Civ. A. 09-7460, 2010 WL 5375948 at *2-3 (E.D. La. Nov. 24, 2010) (finding that billing in .25 increments for a review of what are at most one-page documents is unreasonable and reducing charges to one-tenth of an hour); Hagen v. MRS Associates, Inc., No. Civ. A. 99-3749, 2001 WL 531119, at *4-5 (E.D. La. May 15, 2001)

(reducing the fee award by 10% to account for the inadequacy of quarter-hour billing increments); Dzwonkowski v. Dzwonkowski, No. 05-0544-KD-C, 2008 WL 2163916, at *26 (S.D. Ala. May 16, 2008) (reducing each time entry recorded as .25 to .1); Sandoval v. Apfel, 86 F.Supp.2d 601, 615 (N.D. Tex. 2000) (billing one quarter-hour to review simple notices, motions and court orders that were less than one page long is excessive); Bowman v.. Sec'y of H.H.S., 744 F. Supp. 898, 899-901 (E.D. Ark.1989) (reducing or disallowing billing entries of .25/hour for the receipt and review of short and simple motions and orders).

As noted in the cases cited above, quarter-hour billing does not accurately reflect the number of hours spent on each task and is very likely to inflate the time Plaintiff's attorney devoted to this case. The review of the record reveals that there are nineteen time entries, where Plaintiff's counsel billed .25 increments for each review of largely routine, single-page documents. These entries should be reduced to tenth of an hour increments. Thus, the disallowance equals the difference between 19 entries multiplied by .25 and 19 entries multiplied by .1, totaling 2.85 hours. Subtracting 2.85 hours from the total 22.50 hours claimed yields the total permitted of 19.65 hours.

**B. Reasonable Hourly Rate**

The hourly rates charged by Plaintiff's counsel in this case

are contested. Under the EAJA, reasonable fees must be based on prevailing market rates for the kind and quality of the services furnished, except that attorney's fees cannot be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings, justifies a higher fee. Clevenger v. Chater, 977 F.Supp. 776, 799 (M.D. La.1997) (citing Baker v. Bowen, 839 F.2d 1075 (5th Cir.1988)) ("while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it."); Hall v. Shalala, 50 F.3d 367 (5th Cir.1995); 28 U.S.C. § 2412(d)(A)(I) and (ii).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." Yoes v. Barnhart, 467 F.3d 426, 426 (5th Cir. 2006). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. Baker, 839 F.2d at 1084. The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." Id. A cost of living increase results in an adjustment only to the statutory ceiling, and not

to the prevailing rate. Levernier Constr., Inc. v. United States, 947 F.2d 497, 503-04 (Fed.Cir.1991).

The court, in its discretion, may increase the maximum hourly fee if it determines that a cost-of-living increase or a "special factor" warrants a deviation from the $125 cap. 28 U.S.C. § 2412(d)(2)(A)(ii). This Court agrees that this rate should be adjusted to reflect the rise in the cost of living on the date Plaintiff filed her EAJA application. More than three years ago, the Middle District set the rate at $140.00 an hour in Jackson v. Barnhart, 06-CV-471, Docket Entries 20, 21 (M.D. La. Sept. 12, 2007), rejecting the plaintiff's urged rate of $162.50 and calculating the cost of living adjustment by comparing the Consumer Price Indices in different years. In this case, the Court will adjust the $125.00 cap upward due to the rise in the cost of living and inflation and will use the rate of $150.00 because of the dual concerns of ensuring an adequate source of representation and minimizing the costs of that representation to the taxpayers. Baker, 839 F.2d at 1083.

**C. To Whom Defendant Shall Remit the Award**

The Supreme Court explicitly held "that a § 2412(d) fees award is payable to the litigant" because the government has a statutory right to offset such a fee award to satisfy a pre-existing debt that the litigant may owe to the United States.

Astrue, 130 S.Ct. at 2524. The term "prevailing party" in the EAJA refers only to the litigant and not to the litigant's attorney. Id. at 2525-26. Thus, the attorney's fees should be paid to Plaintiff rather than her attorney.

Accordingly, **IT IS ORDERED** that Plaintiff's Petition for Attorney's Fees be **GRANTED IN PART**, in that the Commissioner be ordered to pay attorney's fees to Plaintiff, in the amount of $2,947.50 (19.65 hours at $150.00 per hour).

New Orleans, Louisiana this 7th day of February, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE